UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KELVIN CHRISTMAS                                                                                  PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:05CV523JS

MCI COMMUNICATIONS SERVICES, INC.                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on motion of Defendant MCI Communications Services, Inc. (MCI) for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Kelvin Christmas has responded in opposition. Having considered the memoranda and submissions of the parties, the Court concludes that Defendant's motion should be granted in part and denied in part as set forth herein.

**I.      PROCEDURAL HISTORY/FACTS:**

On August 25, 2005, Christmas, an African-American, filed this action against his former employer, MCI, alleging that MCI discharged him based on his race in violation of Title VII, 42 U.S.C. § 2000e (2000), and 42 U.S.C. § 1981. In addition, Plaintiff has asserted a state law claim of intentional infliction of emotional distress.[1] MCI submits that Plaintiff's position was eliminated as part of a reduction in force and has filed a motion seeking summary judgment as to all of Plaintiff's claims.

---

[1] Plaintiff's Complaint also contains one reference to 42 U.S.C. § 1983. Defendant asserts in its motion that this claim should be dismissed because there is no state action. In his response, Plaintiff concedes this claim and explains that it was inadvertently listed in the Complaint. As such, Plaintiff's section 1983 claim is dismissed.

1

Christmas began work at MCI in Clinton, Mississippi, on July 8, 1996, as a provisioner, submitting paperwork for the installation, removal or disconnection of telephone service. In 2000, Plaintiff moved to the migration grooms department, where he worked until his discharge on August 28, 2003. In the migration grooms department, Plaintiff worked first as a senior provisioner, and later as a circuit designer, "rolling telephone traffic from leased facilities, facilities that MCI had leased from other carriers, on to MCI network." The migration grooms department consisted of nine employees, including Plaintiff, all of whom reported to Bill Baker, who is white. Baker, in turn, reported to Gil Spottswood in Richardson, Texas, who is African-American. Christmas was the only African-American in the migration grooms department.

In August 2003, MCI decided to lay off Christmas as part of a reduction in force. No other members of the migration grooms department were laid off. According to Plaintiff, Baker delivered the news and told him he was being let go because of his "attendance and performance." Christmas, however, believed that his attendance and productivity were comparable to his white co-workers and concluded that he had been selected for discharge based on his race. Soon thereafter, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC). On May 27, 2005, the EEOC issued Plaintiff a right-to-sue letter. Having exhausted his administrative remedies, Plaintiff then filed this lawsuit.

**II.   ANALYSIS:**

    **A.   Race Discrimination Claim:**

The Court has reviewed the parties' positions as to Plaintiff's race discrimination claim and concludes that genuine issues of fact exist which prevent summary judgment. MCI maintains that, assuming Christmas can make out a prima facie case of race discrimination, he cannot overcome its

legitimate, non-discriminatory reason for his discharge--the reduction in force. MCI claims that in selecting Plaintiff for lay off, Spottswood considered productivity and performance data provided by Baker. MCI also emphasizes that it looked to the company's short-term and long-term needs.

Plaintiff, however, claims that his supervisor told him the decision to terminate was based on performance and attendance. Plaintiff takes issue with both, first claiming that the reports regarding his performance were "skewed" because he was assigned more difficult and fewer jobs than were his co-workers in the migration grooms department. Plaintiff's performance reviews seem to support that contention. Plaintiff also insists that his production was equivalent to three white employees in the department, and MCI's records confirm that Christmas and five white employees within his group all received ratings of "meets performance requirements and expectations." Finally, Plaintiff disputes the assertion that his attendance was cause for termination explaining that no members of management had ever counseled him regarding his attendance, and at the time of his lay off, he had over 100 hours of unused leave.

Examining the summary judgment evidence in the light most favorable to Plaintiff, the Court finds that genuine issues of material fact exist which preclude summary judgment as to Plaintiff's race discrimination claim. *Allen v. Potter*, 152 F. App'x. 379, 381, 2005 WL 2769530, *1 (5th Cir. 2005) (noting that at the summary judgment stage, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party.")

### B. <u>Intentional Infliction of Emotional Distress Claim</u>:

In its motion, MCI also seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress, arguing that the facts do not support a finding that he was subjected to extreme and outrageous conduct. As explained by the Mississippi Court of Appeals,

> In order for [a Plaintiff] to prevail on a claim of intentional infliction of emotional distress, he must prove [Defendant's] conduct to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Brown v. Inter-City Fed. Bank*, 738 So. 2d 262, 264 (Miss. Ct. App. 1999). Under our law, liability does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities. *Id.* Furthermore, damages for intentional infliction of emotional distress are usually not recoverable in mere employment disputes. *Id.* "Only in the most unusual cases does the conduct move out of the realm of an ordinary employment dispute into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress." *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994).

*Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (Miss. Ct. App. 2004). MCI asserts that Christmas has not identified any conduct which could serve as grounds for his claim of intentional infliction of emotional distress, and the Court agrees.

In his Complaint, Christmas claims generally that the "action and inactions of the defendant" constitute an intentional infliction of emotional distress. In his response, Plaintiff states only that "the facts of this case show extreme and outrageous conduct." Though there is no reference to any record evidence in his response, the Court's independent review of Plaintiff's entire deposition transcript revealed nothing that would create a genuine issue of material fact on this claim. In his deposition, Plaintiff testified as follows:

> Q   In your Complaint, paragraph 38, you state that MCI inflicted emotional distress on you, intentionally inflicted emotional distress on you.
> Why do you think MCI intended to inflict emotional distress on you?
>
> A   I don't know why.
>
> Q   I mean, on what do you base your claim that they intended to inflict emotional distress on you? Do you have any facts to support that?
>
> A   No. Other than the fact that I experienced it.
>
> Q   Well, understand that - -

>   A   Despair and the like as a result of their actions.
>
>   Q   Well, the question is: Do you have any facts that support the statement that MCI wanted to inflict emotional distress on Kelvin Christmas?
>
>   A   No.

Although there is no apparent evidence of culpable conduct in the record evidence, Plaintiff does describe his emotional injuries such as feeling "down in the dumps" and "withdrawn," and how he felt people were "snickering" and "whispering" about him behind his back because he was unemployed.

Clearly, Plaintiff was upset by MCI's decision to eliminate his position, and he concluded that it was discriminatory. However, even assuming that the <u>injuries</u> he described were sufficient to establish that element of the intentional infliction of emotional distress claim, Plaintiff has not directed the Court's attention, nor has the Court's own review of the record revealed, any evidence to suggest that MCI's <u>conduct</u> was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Brown*, 738 So. 2d at 264; s*ee Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993) ("Meeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi."). Accordingly, the Court concludes that summary judgment is in order as to Plaintiff's state law claim of intentional infliction of emotional distress. *Compare Raiola*, 872 So. 2d 79 (finding that plaintiff's claims that employer called him a thief and made remarks about his Italian heritage were not so extreme and outrageous as to justify redress); *and Speed v. Scott*, 787 So.2d 626 (Miss. 2001) (holding that employer's repeated references to plaintiff as a liar and a thief did not constitute a claim for intentional infliction of emotional distress) *with Smith v. Malouf*, 722 So. 2d 490 (Miss. 1998) (finding that a plot by an

unwed mother and her parents to hide the child from the father and arrange for its adoption constituted a claim for intentional infliction of emotional distress).

Based on the foregoing, it is ordered that Defendant's motion for summary judgment is granted as to Plaintiff's intentional infliction of emotional distress claim.  Defendant's motion for summary judgment as to Plaintiff's race discrimination claim is denied.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2006.

    s/ *Daniel P. Jordan III*
    UNITED STATES DISTRICT JUDGE